IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FELIX COLON, | ) | |
| Plaintiff(s), | ) | No. C 10-2362 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| C. WILSON, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at Mule Creek State Prison (MCSP), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that, while he was incarcerated at Salinas Valley State Prison (SVSP) in 2007, his mother and fiancée were subjected to inappropriate body searches by various prison officials. According to plaintiff, his mother and fiancée were told that the searches were required before any visitation could be allowed because officials had received a confidential tip that they were trying to smuggle contraband into the prison. Plaintiff learned about the body searches only last year, but since has experienced "emotional trauma" and "mental anguish" causing him "intense pain on one side of his head, accompanied by tearing of the eye and a runny nose."  Compl. at 6.

**DISCUSSION**

A.      Standard of Review

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Analysis

        It is well established that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  There is no showing or indication of a qualifying physical injury here.  Plaintiff's alleged physical symptoms – headache, teary eye and runny nose – are not sufficiently separate from his allegations of emotional trauma and mental anguish to qualify as "a prior showing of physical injury" under § 1997e(e).  See Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (holding that "somatic manifestations of emotional distress" such as weight loss, appetite loss and insomnia cannot establish physical injury under § 1997e(e)).  Nor do they amount to anything more than de minimis injuries

insufficient to satisfy § 1997e(e).  See Oliver v. Keller, 289 F.3d 623, 627-29 (9th Cir. 2002) (holding that back and leg pain caused by sitting on cement floor, undefined injuries from being assaulted by another prisoner and a painful canker sore were de minimis injuries insufficient to satisfy § 1997e(e)).

Plaintiff's mother and fiancée may be able to pursue a § 1983 claim for their alleged treatment by SVSP officials.  But the claim must be brought by them in a separate action.  Plaintiff has no standing to bring it on their behalf.  See Powers v. Ohio, 499 U.S. 400, 410 (1991).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:  June 4, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Colon, F1.dismiss.wpd