IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX COLON, ) | |
| ) | |
| Plaintiff(s), ) | No. C 10-2362 CRB (PR) |
| ) | |
| vs. ) | ORDER |
| ) | |
| C. WILSON, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a prisoner at Mule Creek State Prison (MCSP), filed a complaint for damages under 42 U.S.C. § 1983 alleging that, while he was incarcerated at Salinas Valley State Prison (SVSP) in 2007, his mother and fiancée were subjected to inappropriate body searches by various prison officials. According to plaintiff, his mother and fiancée were told that the searches were required before any visitation could be allowed because officials had received a confidential tip that they were trying to smuggle contraband into the prison. Plaintiff learned about the body searches only last year, but since has experienced "emotional trauma" and "mental anguish" causing him "intense pain on one side of his head, accompanied by tearing of the eye and a runny nose." Compl. at 6.

Per order filed on June 7, 2010, the court screened and dismissed the complaint for failure to state a claim under the authority of 28 U.S.C. § 1915A(b). The court explained:

> It is well established that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). There is no showing or indication of a qualifying physical injury here. Plaintiff's alleged physical symptoms – headache, teary eye and runny nose – are not sufficiently separate from his allegations of emotional trauma and mental anguish to qualify as "a prior showing of physical injury" under § 1997e(e). See Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (holding that "somatic manifestations of emotional distress" such as weight loss, appetite loss and insomnia cannot establish physical injury under § 1997e(e)). Nor do they amount to anything more than de minimis injuries insufficient to satisfy § 1997e(e). See Oliver v. Keller, 289 F.3d 623, 627-29 (9th Cir. 2002) (holding that back and leg pain caused by sitting on cement floor, undefined injuries from being assaulted by another prisoner and a painful canker sore were de minimis injuries insufficient to satisfy § 1997e(e)).
>
> Plaintiff's mother and fiancée may be able to pursue a § 1983 claim for their alleged treatment by SVSP officials. But the claim must be brought by them in a separate action. Plaintiff has no standing to bring it on their behalf. See Powers v. Ohio, 499 U.S. 400, 410 (1991).

June 7, 2010 Order at 2-3.

Plaintiff filed a motion for relief from the court's order and corresponding entry of judgment under Federal Rule of Civil Procedure 60(b) arguing that § 1997e(e) does not bar a claim for nominal and punitive damages for alleged constitutional violations.

Per order filed on August 9, 2010, the court denied the motion and explained:

> The Ninth Circuit has held that if a plaintiff "has actionable claims for compensatory, nominal or punitive damages – premised on violations of his [constitutional] rights, and not on any alleged mental or emotional injury – [said] claims are not barred by § 1997e(e)." Oliver, 289 F.3d at 630. But plaintiff states no such actionable claim. His assertion that defendants' body searches of his mother and fiancée "infringed upon" his rights to freedom of

2

>association and to maintain familial relationships does not compel a different conclusion.  It simply cannot be said that defendants' body searches of his mother and fiancée after a confidential tip (and eventual warrant from the superior court) amounted to such a severe, permanent or arbitrary restriction on plaintiff's rights to freedom of association and/or to maintain familial relationships so as to have violated his constitutional rights.  See <u>Overton v. Bazzetta</u>, 539 U. S. 126, 131-32, 136-17 (2003) (noting that right to freedom of association is among the rights least compatible with incarceration and that withdrawal of visitation privileges for limited periods is one of the restraints that should be expected as a consequence of incarceration).

Aug. 9, 2010 Order at 2-3.

Plaintiff did not appeal or again move for reconsideration; rather, he submitted a proposed amended complaint claiming to correct the deficiencies of the original complaint.  The proposed amended complaint does not.  For essentially the same reasons noted in the court's two prior orders, the proposed amended complaint fails to state a claim upon which relief may be granted.

SO ORDERED.

DATED:   Jan. 5, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Colon, F1.recon2.wpd

3